United States District Court
Southern District of Texas

**ENTERED**

January 28, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL J. LOVELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-4099 |
| | § | |
| FORT BEND INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant.* | | |

### ORDER

Pending before this Court is Defendant Fort Bend Independent School District's ("Defendant" or "the District") Motion for Summary Judgment. (Doc. No. 26). Plaintiff James Michael J. Lovell ("Plaintiff" or "Lovell"), proceeding *pro se*, filed a response (Doc. No. 28) and Defendant replied. (Doc. No. 29). Plaintiff then filed a Motion for Leave to File an Amended Response with additional exhibits (Doc. No. 30), to which Defendant filed a response in opposition. (Doc. No. 31).

The Court finds that Defendant will not be burdened by Plaintiff's Amended Response and exhibits and hereby **GRANTS in part** Plaintiff's Motion to Amend. (Doc. No. 30). The Court will consider Plaintiff's Amended Response (Doc. No. 30-1) and attached evidence, but not those portions of exhibits that contain statements that violate the prohibition against hearsay. *See Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 218 (5th Cir. 2024) (citing *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) ("Hearsay is not competent summary judgment evidence . . . .")). The Court **DENIES** Plaintiff's request, embedded in his response to Defendant's Motion for Summary Judgment, to reconsider its order dismissing certain claims. (Doc. No. 15).

Having considered the Motion for Summary Judgment, amended response, reply, and the evidence, the Court **GRANTS in part** and **DENIES in part** the Defendant's Motion. (Doc. No. 26).

## I.    Background

This is an employment dispute stemming from the District's termination of Plaintiff in September 2022. Plaintiff began working for the District as a high school teacher in 2021. While working for the District, Plaintiff alleges that he was harassed by Principal Andre Roberson ("Roberson"), Dean of Instruction Mary Green-Lee ("Green-Lee"), English Language Arts and Reading Department Chair Christina Bryant ("Bryant"), and Twelfth Grade Team Leader Cinnamin Rivers ("Rivers"). Plaintiff alleges many instances that give rise to his bringing suit against the District, including:

i.    Bryant allowed two of Lovell's cousins access to the high school to stalk Lovell while he was teaching. (Doc. No. 26-2 at 66); (Doc. No. 30-6 at 2).

ii.    Bryant solicited a testing administrator to falsely accuse Lovell of "acting inappropriately with students." (Doc. No. 26-2 at 66); (Doc. No. 30-6 at 2).

iii.    Bryant wrongfully discussed Plaintiff's employment with others in the department and accepted payments from Plaintiff's cousins to sabotage his employment and harass him. (Doc. No. 26-2 at 66); (Doc. No. 30-6 at 2).

iv.    Green-Lee inappropriately issued a "memorandum for excessive absences." (Doc. No. 26-2 at 66); (Doc. No. 30-6 at 2).

v.    Roberson encouraged an unidentified Fort Bend ISD Police Officer to "open fire" on Plaintiff, which Plaintiff refers to as the "bus-ramp duty incident." (Doc. No. 26-2 at 66); (Doc. No. 30-1 at 3); (Doc. No. 30-6 at 2).

vi.    Several students informed Lovell that they had been "approached by an administrator to take [him] out" or "commit conspiracy." (Doc. No. 26-2 at 66); (Doc. No. 30-6 at 3, 5).

vii.    Green-Lee instructed Lovell's students not to submit assignments so as to negatively affect Lovell's performance rating. (Doc. No. 26-2 at 67); (Doc. No. 30-6 at 4).

viii.    Green-Lee rated Plaintiff's field service as "unsuccessful" field service in 2022. (Doc. No. 30-12).

2

ix.     Rivers attempted to convince students to report that Lovell was engaging in "illicit behavior." (Doc. No. 26-2 at 67); (Doc. No. 30-6 at 9).

x.      Roberson called Lovell a slur because he did not like Plaintiff due to his sexual orientation. (Doc. No. 26-2 at 67); (Doc. No. 30-6 at 8).

xi.     The Associate Principal called Plaintiff a "child molester" in front of Lovell's students. (Doc. No. 26-2 at 68); (Doc. No. 30-6 at 9).

Plaintiff filed a Charge of Discrimination with the EEOC on August 1, 2022. (Doc. No. 30-4). After the District terminated his employment the following month, Plaintiff brought this suit, claiming: (1) wrongful termination under Title VII and the Americans with Disabilities Act ("ADA"); (2) discrimination under Title VII based on race, gender, disability, and sexual orientation; (3) harassment and hostile work environment; (4) retaliation; and (5) negligence. *See* (Doc. No. 1). The Court previously dismissed Lovell's Title VII wrongful termination claim, his ADA claim, his race-, disability-, and gender-based discrimination claims, and his negligence claim. (Doc. No. 15). Accordingly, Plaintiff's harassment/hostile work environment claim, claim of discrimination based on sexual orientation, and retaliation claim remain. *See* (*id.*).

Defendant now moves for summary judgment on Plaintiff's remaining claims. Defendant contends that it terminated Lovell after his first year because he "failed to maintain a valid teaching certificate" as required by Texas statute and his employment contract. (Doc. No. 26 at 7). The District asserts that it had a legitimate, non-retaliatory reason for removing Plaintiff from his position, and Plaintiff cannot satisfy the appropriate causation standard for each claim to prove that Defendant's proffered reasons are merely pretext.

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes

demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.* Moreover, "the traditional leniency afforded to a *pro se* plaintiff does not excuse [the plaintiff] from her burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. App'x 243, 246 (5th Cir. 2017).

## III.    Analysis

Defendant now moves for summary judgment on Plaintiff's remaining claims—discrimination based on sexual orientation, hostile work environment, and retaliation. The Court will address each in turn.

4

The United States Supreme Court recognizes two alternative methods of proof in discriminatory treatment cases; in this case, Plaintiff's claims for discrimination based on sexual orientation and retaliation. Plaintiff may either prove discriminatory intent via direct evidence, or, when a claim involves circumstantial evidence, the Court must utilize the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In *McDonnell Douglas*, the Supreme Court outlined a three-part framework to analyze a discrimination claim. First, the plaintiff must establish a prima facie case of discrimination. *Id.* If the plaintiff does so, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's [adverse employment action]." *Id.* If the employer provides a legitimate, nondiscriminatory reason for the employee's adverse employment action, the burden shifts back to the plaintiff to prove that the employer's reason was pretext for discrimination. *Id.* at 804–05.

## A. Discrimination

### i. *Lovell's prima facie case*

In order to survive summary judgment, Lovell must raise a "genuine issue of material fact" that the District discriminated against him. As noted above, Plaintiff must first establish a *prima facie* case.[1] Therefore, Plaintiff must provide competent summary judgment evidence that he: (1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class," or, in the case of disparate treatment, "that others similarly situated were treated more favorably." *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir. 1999). The District "assumes that Lovell is a

---

[1] In *Bostock v. Clayton County*, the Supreme Court found that "it is impossible to discriminate against a person for being homosexual . . . without discriminating against that individual based on sex." *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 660 (2020). Accordingly, the Court held that employees are protected from discrimination based on their sexual orientation under Title VII.

5

member of a protected class, based on his representations regarding his sexual orientation." (Doc. No. 26 at 18).  The District does contest, however, Plaintiff's ability to raise a genuine issue of material fact on the remaining elements.

With respect to element two—that Lovell was qualified for his position—it is undisputed that Lovell's teaching certificate expired on August 11, 2022. (Doc. No. 26 at 18); (Doc. No. 30-1 at 7). The District contends that it is this expiration that rendered him "objectively unqualified" for his teaching position under the Texas Education Code (the "Code"). (Doc. No. 26 at 18).

The Code states that:

> A person *may not* be employed as a teacher, teacher intern or teacher trainee, librarian, educational aide, administrator, educational diagnostician, or school counselor by a school district unless the person holds an appropriate certificate or permit issued as provided by Subchapter B [of the Texas Education Code].

TEX. EDUC. CODE § 21.003(a) (emphasis added).

The Code goes on to address the consequences of failing to obtain certification. The statute provides that if the employee "does not hold a valid certificate or permit issued by the State Board for Educator Certification" or "fails to fulfill the requirements necessary to renew or extend the employee's temporary, probationary, or emergency certificate or any other certificate or permit issued under Subchapter B," the employee's "probationary, continuing, or term contract under this chapter is *void*." *Id.* § 21.0031(a) (emphasis added).

Lovell, on the other hand, argues that the statute's language is permissive and does not *require* the District to terminate his position if his certificate expires. (Doc. No. 30-1 at 8). Moreover, Plaintiff alleges that the District could grant a temporary School District Teaching Permit ("SDTP") so that he could continue teaching until he completed the requirements needed for his continued certification. (*Id.* at 7). Plaintiff states that the "Human Resources department

6

would not offer a short-term solution [because] they wanted to retaliate against me for submitting employment harassment and discrimination claims. . . ." (*Id.*).

The language of the Code is clear. Despite Plaintiff's insistence that the statute does not require the District to terminate his employment if his certificate expires, the statute states that "a person may not be employed . . . by a school district" unless they have the appropriate certificate or permit. This section of the Code is certainly mandatory rather than permissive. Lovell acknowledges that, at the time of Plaintiff's termination, he did not have the appropriate certificate. (Doc. No. 30-1). Since Lovell did not "hold[ ] an appropriate certificate or permit" at the time of his termination, the District could not employ him. Moreover, the Code goes further by proclaiming that an employee's contract with a school district is void—not simply voidable—if the employee does not hold a valid certificate or permit, or fails to fulfill the requirements necessary to renew or extend the certificate or permit.[2] TEX. EDUC. CODE § 21.0031(a). The District's denial to offer Lovell a SDTP (which the District warned Lovell it does not utilize prior to the expiration of his certificate) is irrelevant to the fact that Lovell was unqualified for the position because he failed to fulfil the requirements for his certificate before it expired. (Doc. No. 30-10 at 2). Therefore, because Plaintiff acknowledges that he did not have the appropriate certificate, as required by statute, at the time of his termination, he has failed to offer evidence that he was qualified for the position.

As for element three—that Plaintiff was subject to an adverse employment action—Plaintiff bases his claim on three allegedly adverse employment actions: (1) his reduction in salary in January 2022; (2) his "demotion" to a "menial administrative position" in August 2022; and (3)

---

[2] Additionally, on August 24, 2021, Plaintiff acknowledged that if his "certification expires, is canceled, or is revoked, [Plaintiff's] contract is void." (Doc. No. 26-2 at 42).

7

his ultimate termination. Plaintiff was undisputably terminated from his position. (Doc. No. 30-15). Under the recently decided case of *Hamilton v. Dallas County*, reduction in compensation, demotion, and termination are all adverse employment actions. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502–03 (5th Cir. 2023) ("[T]o plead an adverse employment action, a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment."). Thus, Plaintiff has provided sufficient evidence to satisfy this element of his *prima facie* case.

Nevertheless, Plaintiff also fails to meet his burden as to the fourth element—that he was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably. Plaintiff has not provided any evidence that he was replaced by someone outside the protected class, nor that others similarly situated were treated more favorably. Lovell's response to Defendant's Motion only states that "no other employee was subjected to hatred," and that he does "not know of any other employee who experienced a situation similar." (Doc. No. 30-1 at 16). This is insufficient.

Plaintiff has failed to meet his burden on his *prima facie* case to raise a genuine issue as to a material fact that he was qualified and that he was replaced by, or treated dissimilarly to, someone outside the protected class.

### ii. The District's legitimate, non-discriminatory reason

Although the Court finds Plaintiff has failed to satisfy his *prima facie* case, and therefore the Court need not reach the subsequent burden-shifting analysis under *McDonnell Douglas*, the Court will proceed for the sake of thoroughness. Once the plaintiff has made out a *prima facie* case, the defendant must "articulate some legitimate nondiscriminatory reason" for its action that adversely affected the employee. *Texas Department of Community Affairs v. Burdine*, 450 U.S.

248, 253 (1981). While an employer need not prove the legitimate reason, it must produce some evidence to support it. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509 (1993). If the employer produces any evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," then the employer has satisfied its burden of production. *Id.*

Plaintiff's first alleged adverse employment action is his ultimate termination from the District. As seen above, the District asserts that its legitimate, non-discriminatory reason for terminating Lovell's employment is that Plaintiff "failed to maintain his teaching certificate." (Doc. No. 26 at 20); (Doc. No. 26-2); (Doc. No. 26-5); (Doc. No. 30-15).

With respect to the alleged salary reduction, the District asserts that its legitimate, non-retaliatory purpose for the reduction is that Lovell misrepresented his creditable years of service when the District hired him. (Doc. No. 26 at 25). Defendant offers evidence that the District determines initial teacher salaries based on reported years of creditable service. (Doc. No. 26-2 at 2). Lovell initially represented to the District that he had thirteen years of service. (*Id.* at 50). After Lovell submitted his service records, the District determined that Lovell did not have any creditable years of service, much less the thirteen years he had originally claimed. (*Id.* at 52). Thus, the District reduced his salary to reflect the verified service record. (*Id.* at 3, 56).

Lastly, Plaintiff alleges that the District discriminated against him when it reassigned him to "menial administrative work."[3] The District asserts that its legitimate, non-retaliatory purpose

---

[3] Plaintiff cites Doc. No. 30-14 in support of his complaint regarding his reassignment to "menial administrative" work. (Doc. No. 30-1 at 18). The first page of the two-page exhibit includes a letter dated August 1, 2022 that placed Lovell on paid administrative leave pending the District's receipt of confirmation that Lovell possessed a valid teaching certificate. This letter does not include any reference to a reassignment. The second page of the exhibit also includes an internal District email that states "[p]lease see the attached DC-E-2 form, returning Mr. Lovell from ADL and temporarily reassigning him to MR Wood effective 8/26/22." The form referenced is not one of Plaintiff's exhibits. The Court assumes this email refers to the reassignment Plaintiff references. Thus, the reassignment was effective on August 26, 2022. Additionally, Defendant offered what could only be the referenced form, which states that Lovell

9

for the reassignment is Plaintiff's failure to maintain a valid teaching certificate, rendering him unqualified for his contracted teaching position as a matter of law. (Doc. No. 26 at 15).

At this stage, Defendant need not persuade the Court that its reasons for the adverse employment actions are true. *See St. Mary's Honor Center,* 509 U.S. at 509. Defendant need only produce sufficient evidence that would allow a reasonable fact finder that it is true. *Id.* Defendant has done so.

### iii. Pretext

An employee who alleges status-based discrimination under Title VII need not show 'but-for' causation. *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 343 (2013). Instead, a plaintiff must show that the motive to discriminate was *one of* the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision. *Id.* Still, the plaintiff must bring forward evidence rebutting each of the nondiscriminatory reasons the employer articulates. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).

Lovell contends that the following demonstrates that the District's nondiscriminatory explanation for his adverse employment actions was pretextual: (1) "the Texas Education Code does not require school districts to terminate employees because of a lapse in certification;" and (2) "there are other options available such as the issuance of a School District Teaching Permit, Emergency Permit, or placement as a Dedicated Substitute Teacher." (Doc. No. 30-1 at 14).

First, the Court previously found that the Texas Education Code, specifically § 21.003 and § 21.0031, does, in fact, prohibit the District from employing an individual as a teacher whose

---

was temporarily reassigned starting August 26, 2022, though the letter does not indicate the type of work Lovell would perform. (Doc. No. 26-2 at 90).

certification has lapsed. Thus, Plaintiff's argument that the Code does not require the District to terminate his employment, as a teacher, is not, and cannot, be evidence of pretext.

Second, Plaintiff contends that the District's nondiscriminatory explanation is pretextual because the District could have issued a SDTP or taken steps other than terminating his employment. In his response, Lovell states that

> [t]hrough numerous meetings . . ., no one from the Human Resources Department would provide a valid reason Fort Bend ISD would not issue a School District Teaching Permit (SDTP), even though I was qualified and eligible to receive one (Exhibit J). The same is true for an Emergency Permit or placement as a Dedicated Substitute; it is unreasonable that the Human Resources Department would not cooperate with me since I only needed a short-term solution.

(Doc. No. 30-1 at 7). Plaintiff's own evidence undermines his claim. Lovell offered evidence that the District did not utilize the SDTP or any other waiver about which Plaintiff inquired. (Doc. No. 30-10) ("Our district does not currently utilize the SDTP, ETP, or the waiver you are inquiring about."). The Fifth Circuit has recognized that a plaintiff may show pretext by showing a departure from standard procedure. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 459 (5th Cir. 2019). A plaintiff must then connect that departure from a procedure to a discriminatory motive. *Id.*

Here, however, Plaintiff does not allege that the District departed from its SDTP policy. Instead, the evidence shows that the District in fact *complied* with its policy when it refused to issue a SDTP to Plaintiff. A "mere disagreement with [the District's] application of [the policy], without more, does not provide substantial evidence of pretext." *Campbell v. Zayo Grp., L.L.C.*, 656 F. App'x 711, 715 (5th Cir. 2016) (per curiam) (unpublished). Plaintiff's mere belief that the District acted unreasonably by following its policy is not sufficient evidence of pretext.

Thus, Plaintiff failed to bring forth sufficient evidence as to raise a genuine issue of material fact as to whether the motive to discriminate was *one of* the District's motives to take the alleged

adverse employment actions against Plaintiff. Thus, the Court grants summary judgment for the District as to Lovell's sexual orientation-based discrimination claim.

### B. Hostile Work Environment

To state a hostile work environment claim, "the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *EEOC v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). At this summary judgment stage, Lovell must make a sufficient showing that a genuine issue of fact exists as to all five elements. *See Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 404 (5th Cir. 2021).

Lovell states that he was subjected to a hostile work environment because of his sexual orientation. (Doc. No. 20-1 at 17). Again, the District "assumes that Lovell belongs to a protected class." (Doc. No. 26 at 21). Elements (2), (3), (4), and (5) are nonetheless contested in this case.

Lovell bases his hostile work environment claim on the following events that he asserts were motivated based on his sexual orientation: (1) Roberson encouraged an unidentified Fort Bend ISD Police Officer to "open fire" on Plaintiff (Doc. No. 26-2 at 66); (Doc. No. 30-1 at 18); (Doc. No. 30-6 at 2); (2) The Associate Principal called him a "child molester" in front of his students (Doc. No. 26-2 at 68); (Doc. No. 30-6 at 9); (3) Roberson called Lovell a "f*g" because he did not like Plaintiff due to his sexual orientation (Doc. No. 26-2 at 67); (Doc. No. 30-6 at 8); (Doc. No. 30-21 at 125–26); and (4) Green-Lee began rating Lovell a two out of five (an evaluation of "developing") on his teacher evaluation. (Doc. No. 30-21 at 73).

### i.   Unwelcome harassment

The District contends that Lovell cannot raise a genuine issue of material fact demonstrating that he was subjected to unwelcome harassment. Further, Defendant objected to the evidence Plaintiff cites to support these allegations in his initial response. (Doc. No. 29). The Court carries these objections through to Plaintiff's amended response. (Doc. No. 30).

In support of his harassment claim, Plaintiff cites to his EEOC charge and deposition testimony where he recites what he heard directly from other District employees. (Doc. No. 30-6); (Doc. No. 30-21). The Court overrules Defendant's objections as to hearsay regarding what Lovell alleges he heard directly from District employees in positions of authority (as opposed to mere employees) because those statements are not hearsay as an Opposing Party's Statement under Federal Rule of Evidence 801(d). These direct statements include the Assistant Principal allegedly calling Plaintiff a "child molester" in front of Lovell's students and Principal Roberson allegedly calling Lovell a "f*g." (Doc. No. 26-2 at 67–68); (Doc. No. 30-6 at 8–9). These two statements are sufficient to raise a genuine issue of material fact demonstrating that he was subjected to unwelcome harassment.

### ii.   Based on a protected characteristic

The District also contends that, even if Lovell can raise a genuine issue of material fact demonstrating that he was subjected to unwelcome harassment, he cannot show that any alleged harassment was based on a protected characteristic. Again, Plaintiff claims that he heard Roberson call him a slur that is typically directed at members of the LGBT community. Thus, Plaintiff has raised a genuine issue of material fact demonstrating that the alleged harassment was based on a protected characteristic.

     *iii.  Affecting a term, condition, or privilege of employment*

For harassment to affect a term, condition, or privilege of employment, as required by element four above, the harassment must be "sufficiently severe or pervasive," meaning "the conduct complained of must be both objectively and subjectively offensive." *Harris v. Forklift Sys.*, 510 U.S. 17, 21–22 (1993). To determine whether the victim's work environment was objectively offensive, courts consider the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance. *Id.* at 23. The Supreme Court has made clear that "conduct must be extreme to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The Fifth Circuit has found that sporadic instances of discriminatory conduct over a period of a years generally cannot maintain a hostile work environment claim. *See Mendoza v. Helicopter*, 548 Fed. App'x. 127, 129 (5th Cir. 2013). The remarks allegedly directed toward Plaintiff were sporadic but occurred over a period of a few months rather than years. Additionally, a superior allegedly calling Lovell a "child molester" in front of Lovell's students is severe, humiliating, and would interfere with, if not completely undermine, a teacher's work performance. The alleged use of slurs was made in the presence of Lovell, and, at least in the instance by the Assistant Principal, was made in the presence of impressionable students—the very individuals whom Lovell was meant to educate and supervise.

After considering the totality of the circumstances using the *Harris* factors, the Court finds that the conduct complained of is objectively offensive. *See Harris*, 510 U.S. at 23. Thus, the alleged harassment is "sufficiently severe or pervasive" for the conduct to affect a term, condition,

or privilege of employment. Plaintiff has raised a genuine issue of material fact demonstrating that the alleged harassment affected a term, condition, or privilege of Lovell's employment.

> iv.  *The District knew or should have known of the harassment and failed to take prompt remedial action*

Lastly, Defendant contends that, at least to the extent that Lovell claims that any non-supervisor employees subjected him to harassment, the District neither knew of the harassment nor should have known of the harassment. Still, the District seems to acknowledge, correctly, that if a supervisor is the harasser, a plaintiff has satisfied his burden to show that the employer knew or should have known of the conduct and failed to take action. *See Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 321 (5th Cir.), as revised (Feb. 7, 2019). Here, Lovell has alleged that, in multiple instances, his supervisors were his harassers. It is clear that Lovell had at least one supervisor, Principal Roberson. (Doc. No. 26-4 at 2).

Additionally, as noted above, Plaintiff alleges he was harassed by the Dean of Instruction (Green-Lee), the English Language Arts and Reading Department Chair (Bryant), and Twelfth Grade Team Leader (Rivers). These titles not only reflect some supervisory role, but Plaintiff has also provided additional evidence that Green-Lee and Bryant were in supervisory roles, including a letter from the District that includes the aforementioned titles. (Doc. No. 26-5 at 2); (Doc. No. 26-2 at 66). The Court does not find evidence that Rivers was the Twelfth Grade Team Leader. Since Lovell was a twelfth-grade teacher, evidence suggesting Rivers's title was, in fact, "Twelfth Grade Team Leader" would be sufficient evidence to demonstrate that she was Lovell's supervisor. The evidence, however, only reflects that Rivers was a "former teacher." (Doc. No. 26-2 at 67).

Still, Plaintiff has provided evidence that the District knew of the alleged harassment by Rivers. In a letter to Lovell dated August 22, 2022, the District's Director of Employee Relations writes "I have considered the concerns in your complaints filed on June 22, 2022." (Doc. No. 26-

2 at 66). This letter goes on to list Rivers as an alleged harasser. (*Id.* at 67) ("[Lovell] stated Cinnamin Rivers, former teacher, also attempted to convince students to report [Lovell was] engaging in 'illicit behavior.'"). The letter further addresses individual instances of alleged harassment by each alleged harasser. Thus, the District cannot maintain that Lovell filed a written complaint with the District in June 2022 that addresses a complaint against Rivers, while at the same time contend that the District did not know of the alleged harassment. Plaintiff has raised a genuine issue of material fact to demonstrate that the District knew or should have known of the harassment.

In the alternative, Defendant also argues that, even if the District knew of the harassment, it took prompt remedial action. To constitute "prompt remedial action, the action must be 'reasonably calculated' to end the harassment." *Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 615 (5th Cir. 1999). Defendant argues that it took prompt remedial action by investigating Lovell's claims. The District cites two exhibits in support—a report by the Fort Bend ISD Police Department dated June 23, 2022 providing a narrative stating that there is an "active investigation," and a letter from Paige Moyer, Director of Employee Relations for the District, dated August 22, 2022 that "consider[s] the concerns in [Plaintiff's] complaints filed on June 22, 2022." (Doc. No. 26-1 at 11–21); (Doc. No. 26-1 at 66–71).

In response, Plaintiff states that

> Human Resources should have evaluated and taken into quick consideration by terminating [Green-Lee's and Roberson's] employment. Instead, Human Resources sought to discredit my assertions and character and to offer pretextual reasons for my termination.

(Doc. No. 30-1 at 18). Plaintiff does not cite to evidence to support this assertion. The uncontroverted evidence, however, shows that the District did not take any action to remedy Plaintiff's complaints. (Doc. No. 26-2 at 71) (Director of Employee Relations finding that

16

Plaintiff's claims were unsubstantiated and that no further action will be taken). While Defendant took *prompt action* by investigating Plaintiff's claims, Defendant's subjective belief that no further action was necessary cannot logically be considered a *remedial* action if no remedy was provided. To find otherwise would allow every employer to avoid liability by simply "investigating" a claim of harassment and concluding that it need not take any action. Thus, because there is evidence to raise a genuine issue of material fact that Defendant failed to take prompt remedial action, Plaintiff has satisfied his summary judgment burden for his hostile work environment claim.

### C. Retaliation

Plaintiff's third, and final, claim is for retaliation under Title VII. To establish actionable retaliation under Title VII, a plaintiff must first make a *prima facie* showing that: 1) he engaged in a protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012).

#### i. *Prima facie case*

Plaintiff contends that he engaged in a protected activity by filing "internal employment harassment and discrimination complaints in November of 2021 and June of 2022," and by filing "a Charge of Discrimination with the EEOC on August 1, 2022." (Doc. No. 30-1 at 18); (Doc. No. 30-4); (Doc. No. 30-6); (Doc. No. 30-21 at 85).[4] Defendant seemingly does not dispute that Plaintiff engaged in a protected activity. Thus, Plaintiff has provided sufficient evidence to satisfy this element of his *prima facie* case.

---

[4] Plaintiff does not offer evidence that he filed a November 2021 internal complaint other than his deposition testimony that said complaint was filed and a report titled "EEO Concerns Discussed in November 2021 and Submitted/Signed to Fort Bend ISD Human Resources Department on June 25, 2022." (Doc. No. 30-21 at 85); (Doc. No. 30-6 at 2). Still, the Defendant does not dispute that this constitutes a protected activity.

17

As for the second element, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quotations omitted). Similar to his discrimination claim, Lovell alleges several adverse employment actions occurred, including: (1) the reduction of salary by $6700 in January of 2022 (Doc. No. 30-7); (Doc. No. 30-8); (2) the designation of an "unsuccessful" field service by Mary Green Lee and Andre Roberson in May of 2022 (Doc. No. 30-12), resulting in a certification impasse; (3) his demotion to an administrative position (filing documents) in August of 2022 (Doc. No. 30-14); and (4) his termination on September 19, 2022. (Doc. No. 30-15). Termination, at the very least, "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68. Therefore, Plaintiff has provided sufficient evidence to satisfy this element of his *prima facie* case.

The third, and final, element of Plaintiff's *prima facia* case requires Plaintiff to make a showing that a causal link existed between the protected activity and the adverse action. *Hernandez*, 670 F.3d at 657. A "causal link" may be shown by evidence that "the employer's decision [to initiate the adverse employment action] was based *in part* on knowledge of the employee's protected activity." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) (emphasis added).

The uncontroverted evidence shows that Plaintiff first engaged in protected activity in November 2021. Plaintiff alleges that the first the first of several adverse employment actions occurred in January of 2022—the reduction of pay. Lovell allegedly filed his November 2021 complaint with the District's Human Resources Department. (Doc. No. 30-21 at 48). The Human

Resources department subsequently sent the letter notifying Lovell of the reduction of pay. (Doc. No. 30-8). Plaintiff's alleged demotion and ultimate termination also occurred after he filed his Charge of Discrimination with the EEOC.

The Fifth Circuit has explained the distinction between the ultimate issue in a retaliation case—whether the defendant discriminated against the plaintiff because the plaintiff engaged in conduct protected by Title VII—and the third element of a plaintiff's *prima facie* case—showing a causal link. *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996). The standards of proof differ. "The standard for establishing the 'causal link' element of the plaintiff's *prima facie* case is much less stringent" than the ultimate determination because the "plaintiff need not prove that their protected activity was the sole factor motivating the employer's challenged decision in order to establish the 'casual link' element of a prima facia case." *Id.* On the other hand, the ultimate determination of whether the defendant discriminated against the plaintiff because the plaintiff engaged in conduct protected by Title VII requires a showing that the plaintiff would not have faced termination 'but-for' their engaging in the protected activity. *Id.*

Since Plaintiff is not required to establish 'but-for' causation to satisfy his *prima facie* case, Plaintiff has met his burden to produce sufficient evidence to raise a genuine issue of material fact as to whether a causal link existed between the protected activity and the adverse action.

Defendant argues that Lovell has failed to establish a *prima facia* case of retaliation because he must also show, in addition to the elements above, that he was qualified for his position. The Fifth Circuit has never explicitly addressed whether a Title VII retaliation claim requires that the former employee be qualified for the position. Nevertheless, the Fifth Circuit has held that a plaintiff must be qualified for the job in question to make out a prima facie claim of ADEA retaliation. *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) ("Because . . .

19

we consistently have required that a plaintiff be qualified for the job he seeks, it would be illogical not to require one here. A contrary holding would be inconsistent with the observation that 'Congress did not intend ... to guarantee a job to a person regardless of qualifications. In short, [title VII] does not command that any person be hired simply because he was formerly the subject of discrimination.'" (quoting *McDonnell Douglas*, 411 U.S. at 800)). The Fifth Circuit analyzes retaliation claims the same for ADEA claims as it does for Title VII claims. *Hernandez v. Crawford Building Material Co.*, 321 F.3d 528, 531 n.1 (5th Cir.), *cert. denied*, 540 U.S. 817 (2003).

It is only logical that Title VII retaliation claims also require an element of qualification, so as not to "guarantee a job to a person regardless of qualifications." *McDonnell Douglas*, 411 U.S. at 800. The Court previously found that Plaintiff was not qualified for his teaching position with the District when he was terminated. Two of the actions Lovell complains were retaliatory (his reassignment to a "menial administrative position filing documents in the Special Education Services department in August of 2022" and his ultimate termination in September of 2022) both occurred after his teaching certificate expired on August 11, 2022. The District should be allowed to manage the staffing of an employee who does not meet the statutory requirements of employment without fear that it may be liable for claims of retaliation. Thus, the two alleged retaliatory actions that occurred after Lovell's teaching certificate expired should not be considered as evidence of retaliation. Still, Plaintiff has other evidence of retaliation sufficient to establish his *prima facia* case, such as his reduction in pay and the "unsuccessful" field designation. Lovell's claim, however, is subject to the *McDonnell Douglas* burden shifting analysis because he did not present any direct evidence of retaliation. *See Medlock v. Ace Cash Express, Inc.*, 589 Fed. App'x 707, 709 (5th Cir. 2014).

*ii.   Defendant's legitimate, non-retaliatory purpose*

As noted above, once the plaintiff has stated a *prima facie* case, the defendant must articulate some legitimate, nonretaliatory reason for its action that adversely affected the employee. The employer need not prove the legitimate reason, but it must produce some evidence to support it. *St. Mary's Honor Center*, 509 U.S. at 509. Again, if the employer produces any evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," then the employer has satisfied its burden of production. *Id.*

The Court previously found that the District has demonstrated a legitimate, non-retaliatory purpose for decreasing Plaintiff's salary. Regarding his designation of "unsuccessful" dated April 19, 2022, the District asserts that this rating was actually slightly higher than previously evaluations. (Doc. No. 26 at 25). Plaintiff admitted that the rating was "slightly" better overall than the previous semester. (Doc. No. 30-21 at 146). The District seemingly contends that its legitimate, non-retaliatory purpose for rating Plaintiff "unsuccessful" was simply the honest review of Lovell by a supervisor, rather than a review tainted with retaliatory purpose.

On the other hand, Plaintiff argues that the District did not have any legitimate reason for its actions. Still, Defendant need not persuade the Court that its reason for terminating Lovell is true. Defendant need only produce sufficient evidence that would allow a reasonable fact finder that it is true. Defendant has done so. Therefore, the burden then shifts to Plaintiff in the third step of the *McDonnel Douglas* framework.

*iii.   Pretext*

Title VII retaliation claims have a different causation standard than Title VII claims of race discrimination. Instead of simply showing that discrimination was *one of* the District's motives for taking the alleged adverse employment actions against Plaintiff, Lovell must raise a genuine issue

of material fact as to whether Plaintiff would not have faced the adverse employment actions 'but-for' his engaging in the protected activity. *St. Mary's Honor Ctr*, 509 U.S. at 511. "Pretext can be proven by any evidence that casts doubt on the credence of the employer's proffered justification for the adverse employment action." *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020), *as revised* (Aug. 14, 2020). Lovell relies on the following evidence to demonstrate but-for causation: (1) the District decided to terminate his employment rather than issue a SDTP, Emergency Permit or place him in a role as an Associate Substitute Teacher; (2) the termination took place during the "certification impasse" which allegedly arose out of Green-Lee's "unsuccessful" designation and Roberson's alleged "consistent harassment and attempts to terminate [Lovell's] employment due to [his] protected class;" (3) "the Human Resources Department sought to retaliate against [Plaintiff] for raising damaging employment discrimination and harassment claims;" and (4) the temporal proximity between his protected activity and his termination. The Court finds that this alleged evidence is insufficient to satisfy Plaintiff's burden to demonstrate that he would not have faced the adverse employment actions 'but-for' his engaging in the protected activity. *St. Mary's Honor Ctr*, 509 U.S. at 511.

As an initial note, Plaintiff's self-proclaimed "evidence" listed as number (3) above—"the Human Resources Department sought to retaliate against [Plaintiff] for raising damaging employment discrimination and harassment claims"—is simply the ultimate conclusion a fact finder must reach for Plaintiff to succeed on his retaliation claim. This is not summary judgment evidence, and the Court will not consider this conclusion this as "evidence" of pretext.

Moreover, the Fifth Circuit has held that temporal proximity between a plaintiff's protected activity and his termination is "relevant to, but not alone sufficient to demonstrate, pretext." *Id.* at 579 (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007)). Still, the

Court previously found that the two alleged retaliatory actions that occurred after Lovell's teaching certificate expired—the reassignment and termination—do not demonstrate retaliation. Thus, temporal proximity between his protected activity and any adverse employment event that occurred when Lovell became unqualified for his teaching position is immaterial. The Court will, therefore, address the remaining evidence of pretext (listed as (1) and (2) above).

The Court previously found that Plaintiff's belief, even if sincerely held, that the District acted unreasonably by following its policy is not evidence of pretext, even when using the lesser causation standard for discrimination claims. Again, retaliation claims require a plaintiff to demonstrate but-for causation—a heightened causation standard. Since Plaintiff's evidence that the District merely complied with its existing policy could not meet the lesser standard, it surely cannot meet the heightened standard.

Lastly, Plaintiff alleges that the termination took place during the "certification impasse" which allegedly arose out of Green-Lee's "unsuccessful" designation and Roberson's "consistent harassment and attempts to terminate [Lovell's] employment due to [his] protected class." Plaintiff seemingly argues that Green-Lee and Roberson's acts frustrated Lovell's attempt to fulfil his certification requirements. Thus, Plaintiff apparently concludes, but-for the District's actions, Lovell's certification would not have expired and Lovell would therefore not have been terminated.

Defendant's non-retaliatory reason for the "unsuccessful" designation is that it was merely an honest review of Plaintiff's teaching ability, and that the designation actually improved slightly after Lovell engaged in protected activity. Plaintiff scoring poorly on an evaluation before *and* after he engaged in any protected activity cannot satisfy but-for causation as to retaliation. Moreover, the only "evidence" Plaintiff provided of the District thwarting Plaintiff's efforts to obtain his certification is one sentence in Plaintiff's deposition where he states, "she rated me

unfairly which jeopardized my certification." (Doc. No. 30-21 at 146). The Court finds no evidence to support Plaintiff's conclusion that Green-Lee's rating jeopardized his certification. Plaintiff also cites no evidence supporting his allegation that Roberson's "consistent harassment and attempts to terminate [Lovell's] employment due to [his] protected class" delayed his certification.

Thus, Plaintiff offers no evidence of pretext that complies with the Federal Rules of Evidence and, therefore, has failed to raise a genuine issue of material fact as to whether Plaintiff would not have faced the adverse employment actions 'but-for' his engaging in the protected activity. Since Plaintiff has failed to meet his burden to raise a genuine issue of material fact on his retaliation claim, this claim against the District must be dismissed.

## IV.    Conclusion

Therefore, the Court **GRANTS in part** and **DENIES in part** the District's Motion for Summary Judgment in its entirety. (Doc. No. 26). It **DENIES** the Motion as to Plaintiff's hostile work environment claim. It **GRANTS** Defendant's Motion as to the claim of discrimination based upon Plaintiff's sexual orientation and as to his claim of retaliation.

Signed at Houston, Texas, on this the 27 day of January, 2025.

Andrew S. Hanen
United States District Judge

24